THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR24-132-JHC |
| Plaintiff, | |
| v. | ALAN MEIRHOFER'S SENTENCING MEMORANDUM |
| ALAN MEIRHOFER, | |
| Defendant. | |

## I. INTRODUCTION AND RECOMMENDATION

Alan Meirhofer respectfully asks this Court to follow the recommendation of the parties and Probation Department and impose a sentence of 180 months of imprisonment with lifetime supervision. The joint recommendation was the result of careful negotiations between the parties that allowed the case to be resolved in an efficient and just manner by taking into consideration the relevant aggravating factors and Mr. Meirhofer's advanced age and health issues.

Mr. Meirhofer is a 72-year-old man with peripheral artery disease which resulted in the amputation of his right foot above the ankle in 2016. There is a strong likelihood that he will not live to see his release date following a 180-month sentence. However, such a sentence gives him some hope of returning to the community.

Mr. Meirhofer has spent most of life in adult prison. He was in custody from September 1987 until February 2017 when he unconditionally released from his civil commitment under the Sexually Violent Predator Act. Notably, he was released without

ALAN MEIRHOFER'S SENTENCING MEMORANDUM
(*United States v. Meirhofer*, CR24-132-JHC) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

any supervision, either by the Department of Corrections or the Department of Social and Health Services. Given his eventual arrest in this case, it is clear that supervision was warranted. If Mr. Meirhofer lives long enough to be released from this prison sentence and is not then civilly committed under the federal Adam Walsh Act, 18 U.S.C. § 4248, he will be under the strict supervision of the United States Probation Department for the rest of his life. Given these circumstances, a 180-month sentence is sufficient but not greater than necessary to achieve the goals of sentencing under 18 U.S.C. § 3553(a).

The Probation Department also recommends a $3,000 fine under the AVAA, but this recommendation was made before notice of restitution was received in this case. The defense requests that the Court impose no assessment under the AVAA, but instead impose restitution.[1]

## II. A SENTENCE BEYOND 15 YEARS IS NOT NECESSARY TO ACHIEVE THE GOALS OF SENTENCING.

The Supreme Court has long honored this Court's "discretion" in sentencing, recognizing "every convicted person as an individual and every case as a unique study in the human failings." *Koon v. United States*, 518 U.S. 81, 113 (1996). The Sentencing Guidelines, which will be further discussed below, are not mandatory but rather advisory, and this Court must impose a term of imprisonment that that is "sufficient, but not greater than necessary" to meet the goals of sentencing as outlined in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 245 (2005).

---

[1] At the time of this writing, the defense is negotiating a restitution amount with counsel representing the identified minor in images possessed by Mr. Meirhofer. The defense may ask to set over the restitution matter. Counsel anticipates the defense will agree to, at least, the $3,000 minimum for restitution.

ALAN MEIRHOFER'S SENTENCING MEMORANDUM
(*United States v. Meirhofer*, CR24-132-JHC) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

### A. Mr. Meirhofer's history and characteristics justify a 180-month sentence.

When considering a sentence for Mr. Meirhofer that is "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a), this Court must consider his age and physical impairments. He is 72 years old and the lower portion of his leg has been amputated due to peripheral artery disease (PAD). The prognosis for people with PAD is generally guarded because the disease can be progressive and most patients with PAD also have cerebrovascular or coronary artery disease, which increases their mortality rate. Zemaitis, Boll, Dreyer, *Peripheral Arterial Disease*, National Library of Medicine (2023).[2]

Mr. Meirhofer understands that his conduct and his choices led to his current predicament. Ex. 1 (Letter from Mr. Meirhofer). In his letter to the Court, he blames himself for his conduct and expresses the shame he feels for the harm done to the minors depicted in the images he possessed. *Id*.

### B. The nature and circumstances of the offense warrant a 180-month term of imprisonment.

As noted above, Mr. Meirhofer, in his letter to the Court, acknowledges the grievous nature of this offense. Ex. 1. The defense also acknowledges his criminal history is very concerning. Given his history, he obviously requires supervision upon his eventual release to the community.

Mr. Meirhofer was unconditionally released from the Special Commitment Center in February 2017. For the first three years of his release, he appeared to be doing well. He lived in Bellingham with a friend, Mr. Charles. PSR ¶ 69. He started a business buying property from abandoned storage units and reselling it. *Id*. Unfortunately, his friend died in 2019, and Mr. Meirhofer moved to Skagit County where he eventually committed the instant offense. *Id*.

---

[2] Available at https://www.ncbi.nlm.nih.gov/books/NBK430745/

ALAN MEIRHOFER'S SENTENCING MEMORANDUM
(*United States v. Meirhofer*, CR24-132-JHC) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

### C. A sentence beyond 180 months is unnecessary to protect the community.

Obviously, Mr. Meirhofer has shown that he presents a risk to the community even into his older years. However, a sentence beyond the joint recommendation is not necessary to provide further protection to the community.

Initially, Mr. Meirhofer could still face civil commitment prior being released from prison. The Adam Walsh Act provides for post-sentence civil commitment of sexually dangerous individuals serving sentences in federal prison. 18 U.S.C. § 4248. Furthermore, Washington State could file a new Sexually Violent Predator petition upon Mr. Meirhofer's release from prison. If either the BOP or Washington State DSHS find that Mr. Meirhofer is a sufficient danger to the community, either entity could prevent his release from custody.

Furthermore, if released from custody, Mr. Meirhofer will be under strict supervision by U.S. Probation for the rest of his life. Mr. Meirhofer never been under supervision as an adult in the community. He committed his adult offenses while freely in the community and he was not arrested until 1987. PSR ¶¶ 47–51. Upon his release from the Department of Corrections in June 1996, he was immediately placed in custody at the Special Commitment Center by the DSHS where he remained in custody until February 2017. *Id*. Supervision has been shown to be an effective way to reduce recidivism among sex offenders. Labanov-Rostovsky, *Sex Offender Management Strategies*, Department of Justice, Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking[3] (Sex offenders under supervision had a sexual recidivism rate of 14 percent, while those not under supervision had a recidivism rate of 35 percent.)

---

[3] Available at https://smart.ojp.gov/somapi/chapter-8-sex-offender-management-strategies

ALAN MEIRHOFER'S SENTENCING MEMORANDUM
(*United States v. Meirhofer*, CR24-132-JHC) - 4

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

### III. THE DEVELOPMENT OF THE CHILD PORNGRAPHY GUIDELINES DOES NOT EXEMPLIFY THE SENTENCING COMMISSION'S EXERCISE OF ITS CHARACTERISTIC INSTITUTIONAL ROLE.

As a preliminary matter, the defense accepts the Probation Department's guideline calculations. The government and Probation Department agree the guidelines' range is far more than necessary to meet the goals of sentencing. Indeed, a 180-month sentence is roughly consistent with the JSIN data presented with the Presentence Report.

The Ninth Circuit has spoken to how the child pornography guidelines are broken and need fixing. The lead case is *United States v. Henderson*, 649 F.3d 955 (9th Cir. 2011). Without a doubt, district court judges now have the "authority to vary from the [guidelines] based on policy disagreement with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case." *Spears v. United States*, 555 U.S. 261, 264 (2009).

As this Court is probably aware, § 2G2.2 is the least followed guideline section in our system for good reason. As early as 2010, Second Circuit Court of Appeals examined and derided the irrational "logic" that detracted from the value of § 2G2.2. After reviewing all the evidence, the *Dorvee* Court found that most enhancements in § 2G2.2 become "so run-of-the-mill" as to be "all but inherent to the crime of conviction." *United States v. Dorvee*, 616 F.3d 174, 186 (2d. Cir. 2010). The court concluded that the methodology of "the guideline governing 2G2.2" was "fundamentally different from most," because it "can lead to unreasonable sentences that are inconsistent with what § 3553 requires." *Id*. at 182. In *United States v. Henderson*, 649 F.3d 955 (9th Cir. 2011), the Ninth Circuit noted the same concerns, holding that § 2G2.2 is "not the result of the Commission's 'exercise of its characteristic institutional role'" and is not based on "empirical data and national experience." *Id*. at 963.

ALAN MEIRHOFER'S SENTENCING MEMORANDUM
(*United States v. Meirhofer*, CR24-132-JHC) - 5

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

In reports in 2012 and 2021, the Sentencing Commission acknowledged these problems with the child pornography guidelines. *See* U.S. Sent'g Comm'n, *Report to the Congress: Federal Child Pornography Offenses* (2012) ("2012 Report"); U.S. Sent'g Comm'n, *Report to the Congress: Federal Sentencing of Child Pornography: Non-Production Offenses* (2021) ("2021 Report"). For over a decade, the Commission has repeatedly and consistently acknowledged that § 2G2.2 "fail[s] to differentiate among offenders in terms of their culpability,"[4] and "result in guideline ranges that are overly severe. . . ."[5]

For at least the same amount of time, experts have consistently published reports advising that earlier fears about the significance of image content were grossly overstated. Researchers found that as free images became readily available online, the images found in "collections" changed. Almost all cases "included images depicting prepubescent children engaging in sexually explicit conduct."[6] A five-year study of online child porn trading revealed that "more extreme" content in the modern "typical" case, and "larger number of images" did not correlate to *either* increased deviance or criminality (i.e., dangerousness).[7] By 2012, the Commission was already reporting that "the current guideline measures for offender culpability (e.g., for distribution of child pornography, number of images possessed, possession of sado-masochistic images) are generally not associated with significantly higher rates of [criminal sexually dangerous behavior]."[8]

---

[4] 2012 report at iii, xi; *id*. at 209, 323.
[5] *Id*.
[6] *Id*. at 84.
[7] *See* Janis Wolak, David Finkelhor, and Kimberly Mitchell, *Child Pornography Possessors: Trends in Offender and Case Characteristics,* Sexual Abuse: A Journal of Research and Treatment, at 22, Volume 23(1) (Feb 2011), available online at http://unh.edu/ccrc/pdf/CV204%20CP%20possessors.pdf.
[8] 2012 Report, at 204.

ALAN MEIRHOFER'S SENTENCING MEMORANDUM
(*United States v. Meirhofer*, CR24-132-JHC) - 6

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

In the context of these findings, the ongoing absurdity of § 2G2.2 is best illustrated by the Sentencing Commission's data for other sex offenses. In 2012, the Commission noted that offenses that resulted in lower guideline ranges than § 2G2.2 included: forcible rape of a child, forcible prostitution of a child, travel to engage in sex with a child, sexual assault of a child, and statutory rape. The Commission reported these mean sentences (for all criminal history categories and offenders) for those crimes in federal courts:[9]

> 230 months for forcible rape of pre-pubescent children;
> 173 months for raping a pubescent child;
> 155 months for forcibly prostituting children;
> 104 months for travel to engage in sex with a child 12 or older;
> 46 months for sexual assault of a child; and
> 37 months for statutory rape.

Section 2G2.2 routinely recommends that courts punish someone who looked at images of child pornography on the internet more severely than they traditionally have punished defendants who travelled across the country to meet an actual child for sex. The guideline range under § 2G2.2 is often double or triple the typical sentence a defendant would face for statutory rape of a minor. Any guideline that suggests such conclusions is absurd. Adhering to that "logic" would undermine respect for the legal system. *See* 18 U.S.C. § 3553(a)(2)(A) (sentence must promote respect for our justice system).

### IV. CONCLUSION

Ultimately, this Court is directed by statute to impose the minimum term necessary to achieve the goals of sentencing. Here, a 180-month sentence is more than enough to address those goals. This is a unique case. Mr. Meirhofer is 72 years old with significant health issues. Before his eventual release from this sentence, he will be assessed by the BOP and likely DSHS to determine whether he qualifies for another

---

[9] *Id*. at Table 6-6.

ALAN MEIRHOFER'S SENTENCING MEMORANDUM
(*United States v. Meirhofer*, CR24-132-JHC) - 7

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

civil commitment. If released, he will be under supervision for the first time in his adult life.

DATED this 27th day of May 2025.

        Respectfully submitted,

        s/ *Dennis Carroll*
        Senior Litigator
        Assistant Federal Public Defender
        Attorney for Alan Meirhofer

ALAN MEIRHOFER'S SENTENCING MEMORANDUM
(*United States v. Meirhofer*, CR24-132-JHC) - 8

**FEDERAL PUBLIC DEFENDER**
**1601 Fifth Avenue, Suite 700**
**Seattle, Washington 98101**
**(206) 553-1100**